in the verdict rendered by the jury does not, under the circumstances of the submission to it of the question of defendant's guilt, fall within the rule declared in *People* v. *Munroe* (190 N. Y. 435). The judgment of conviction of the County Court of Kings county is, therefore, affirmed. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

The People of the State of New York ex rel. The Trustees of the Leake & Watts Orphan House in the City of New York, Respondents, v. Robert H. Neville and Others, Assessors of the City of Yonkers for 1914, Appellants.— Judgment affirmed by default, with costs. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

The People of the State of New York ex rel. Charles Y. Van Doren and John L. Danzilo, Appellants, v. William A. Prendergast, as Comptroller of the City of New York, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion for peremptory writ of mandamus granted, with ten dollars costs, upon the ground that the court properly exercised its discretion pursuant to the statute.* (*People ex rel. Acritelli* v. *Grout*, 87 App. Div. 193; affd., 177 N. Y. 587.) Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

William J. Roome, Jr., Appellant, v. The Coney Island and Brooklyn Railroad Company, Respondent.— In view of the condition of the weather it cannot be decided that plaintiff was negligent *per se* in failing to discover the car. But if plaintiff failed to see a car in plain view for over 100 feet, except as the storm intervened, by what rule of law may the defendant, having within the block the paramount right to the track, be deemed negligent for colliding with plaintiff in the middle of the track, where it uncontradictedly appears that the car was run at a moderate or slow speed, and the bell sounded before the accident? For the reason that negligence on the part of the defendant is not shown the judgment is unanimously affirmed, with costs. Present — Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ.

S. Dimon Smith, Appellant, v. Dayton Hedges, Respondent. (Action No. 1.) — Judgment and order reversed and new trial granted, costs to abide the event, on the ground that the verdict is contrary to the evidence. Burr, Thomas, Carr, Rich and Stapleton, JJ., concurred.

S. Dimon Smith, Appellant, v. Dayton Hedges, Respondent. (Action No. 2.) — Judgment and order reversed and new trial granted, costs to abide the event, on the ground that the verdict is contrary to the evidence. Burr, Thomas, Carr, Rich and Stapleton, JJ., concurred.

Walter Farrington Tiling Company, Respondent, v. Frank C. Hazen and Others, Appellants.— Judgment affirmed by default, with costs. Jenks, P. J., Burr, Thomas, Carr and Rich, JJ., concurred.

Westchester Investing Company, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— The defendant has whatever land Hobby conveyed to its lessor, excluding the land in controversy. As its center line is fixed and it owns thirty feet easterly of

* See Code Crim. Proc. § 308, as amd. by Laws of 1897, chap. 427.— [REP.